UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ELECTRICAL WORKERS LOCAL 252
PENSION FUND, *et al.*,

    Plaintiffs,

v.

RONALD A. MEYER ELECTRIC, INC., *et al.*,

    Defendants.

Case No. 09-11492

Hon. Sean F. Cox

_____/

## OPINION & ORDER DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiffs, a collection of employee-benefit plans affiliated with the International Brotherhood of Electrical Workers Local Union No. 252 ("Plaintiffs"), filed this action against Defendants Ronald A. Meyer Electric, Inc. ("Meyer Electric"), Ted Apostoleris ("Apostoleris"), and Ronald Meyer ("Meyer"). Plaintiffs allege that Apostoleris and Meyer breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*) ("ERISA") and violated the Michigan Builders' Trust Fund Act (MICH. COMP. LAWS § 570.151 *et seq.*) ("MBTFA"). The case is currently before the Court on Apostoleris' Motion for Summary Judgment (Doc. No. 37). On March 18, 2010, the Court heard oral argument. For the reasons that follow, the Court shall deny Apostoleris' Motion for Summary Judgment.


BACKGROUND

1

I.  Procedural History

Plaintiffs filed this action on April 21, 2009, and filed their First Amended Complaint on December 30, 2009 (Doc. No. 37), asserting the following four counts: "Breach of Collective Bargaining Agreement" against Meyer Electric (Count I); "Violation of ERISA" against Meyer Electric (Count II); "Breach of Fiduciary Duty under ERISA" against Apostoleris and Meyer (Count III); and "Violation of Builders Trust Fund" against Meyer Electric, Apostoleris, and Meyer (Count IV).

On September 15, 2009, Plaintiffs requested and obtained a Clerk's Entry of Default as to Meyer Electric (Doc. No. 8, 10) for failure to plead or respond.

Plaintiffs filed a Motion for Default Judgment as to Meyer Electric (Doc. No. 11) on September 20, 2009. On October 8, 2009, after a hearing, this Court granted Default Judgment as to Meyer Electric (Doc. No. 16).

On December 30, 2009, Apostoleris filed his motion for Summary Judgment (Doc. No. 37) and his Statement of Undisputed Facts (Doc. No. 36), pursuant to this Court's practice guidelines. Plaintiffs filed their Response (Doc. No. 40) and Counter-Statement of Disputed Facts (Doc. No. 41) on January 19, 2010. On February 3, 2010, Meyer also filed a Response (Doc. No. 46), and filed his Counter-Statement of Disputed Facts on February 4, 2010 (Doc. No. 47). Apostoleris filed a Reply (Doc. No. 48) on February 11, 2010.

II.  Factual History

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The parties' statements and evidence, when

2

viewed in the light most favorable to Plaintiffs, support the following material facts.

On November 17, 1978, Meyer filed Articles of Incorporation for Hill-Meyer Electric, Inc. (Meyer Dep. at 7:21-8:11). On June 17, 1980, the Articles of Incorporation were amended to change the name to "Ronald A. Meyer Electric, Inc.," and Meyer became the sole owner and president. (*Id.* at 9:7-15).

On September 9, 2008, Meyer and Apostoleris signed a "Bill of Sale" in which Meyer agreed to sell all of Meyer Electric's 50,000 shares of stock to Apostoleris for $6.00 per share. (*Id.* at 11:9-22).

Meyer claims that the sale occurred, but that he only received $7,000 of the $300,000 that Apostoleris agreed to pay. (*Id.* at 12:22-13:8). Meyer believes his accountant transferred the stock certificates, but is not certain. (*Id.* at 12:15-18; 20:2-17).

As part of the sale, Meyer agreed to work for Meyer Electric for six months to a year without pay. (*Id.* at 19:8-11). During this time, Meyer did not have any title, and Apostoleris was the sole stockholder. (*Id.* at 19:15-16). Meyer continued to have the authority to write checks on Meyer Electric's National City account. Apostoleris, however, did not have authority to write checks. (*Id.* at 21:9-16). Meyer claims that he would write the checks on behalf of Apostoleris. (*Id.* at 21:3). Every week or two, Meyer would meet with Apostoleris to review bills, and Apostoleris would tell Meyer which ones he should pay. (*Id.* at 35:15-25).

On September 17, 2009, Apostoleris, as president of Meyer Electric, signed a letter of assent with the International Brotherhood of Electrical Workers Local 252 (Am. Compl. Ex. 2), agreeing to the Inside Wireman Agreement (Am. Compl. Ex. 1).

Plaintiffs allege that Meyer Electric violated the agreement by failing to pay $2,294.87

3

to the benefit-plan funds. They argue that Apostoleris and Meyer should be held personally liable for $3,091.51, a sum of the unpaid amount plus liquidated damages. (Compl. at 8).

Meyer Electric's office is located at 167 Little Lake Drive, Ann Arbor, Michigan 48103. Property records indicate that as of January 4, 2010, the property was owned by Apostoleris. (Pl.'s Br. Ex. 8).

## STANDARD OF REVIEW

Summary judgment is proper where "there is no genuine issue as to any material fact" and where the moving party is "entitled to judgment as a matter of law." FED.R.CIV.P. 56(c)(2).

## ANALYSIS

I. Breach of Fiduciary Duty under ERISA (Count III)

Apostoleris argues that he has never "had any ownership interest" in Meyer Electric, "has never held any position" with Meyer Electric, "has never had any authority with regard to the disposition of [Meyer Electric's] assets," and consequently cannot be held responsible as a fiduciary under ERISA. (Apostoleris' Br. at 6).

ERISA provides,

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

The Sixth Circuit has held that "the definition of a fiduciary under ERISA is a functional one, [and] is intended to be broader than the common-law definition . . . ." *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999).

4

In *Operating Engineers Local 324 Fringe Benefits Funds v. Nicholas Equipment, LLC*, 353 F. Supp. 2d 851, 854 (E.D. Mich. 2004), the court noted, "Courts have consistently held that employers who exercise discretionary control over funds that are designated for deposit into an ERISA fund qualify as fiduciaries." *Id.* (citation omitted).

The instant case presents genuine issues of material fact regarding whether Apostoleris was the owner and president of Meyer Electric and whether Apostoleris exercised authority or control over Meyer Electric's assets. In his deposition, Meyer testified, "I believe that the sale [to Apostoleris] did take place." (Meyer's Dep. at 19:4). He also testified as to his belief that once the Bill of Sale was signed, "I was no longer [president, secretary-treasurer and director of the company] . . . Ted was everybody then." (*Id.* at 26:16-23).

Although Meyer acknowledged that Apostoleris never had the authority to write checks (*Id.* at 21:9-11), there is evidence that Apostoleris exercised control over Meyer Electric's assets. Meyer stated that Apostoleris would meet with him every week or two to discuss Meyer Electric's bills. Meyer would tell Apostoleris "how much [Meyer Electric] owed to whoever and then [Apostoleris] would say, here's the ones we really should pay because we've got to keep in business . . . ." (*Id.* at 35:5-25).

Meyer's testimony demonstrates that there is a material issue of fact as to whether Apostoleris was an ERISA fiduciary. The Court shall therefore deny Apostoleris' request for summary judgment on Count III.

II.     Violation of the MBTFA (Count IV)

Apostoleris argues that he had "no authority over any funds received by [Meyer Electric]

and never disposed of any of those funds," and therefore Count IV "should also be dismissed." (Apostoleris' Br. at 7).

The Michigan Court of Appeals has held:

> To establish a claim under the MBTFA, a plaintiff must show: (1) that the defendant is a contractor engaged in the building construction industry, (2) that the defendant was paid for labor or materials provided on a construction project, (3) that the defendant retained or used those funds, or any part of those funds, (4) that the funds were retained for any purpose other than to first pay laborers, subcontractors and materialmen, and (5) that the laborers, subcontractors and materialmen were engaged by the defendant to perform labor or furnish material for the specific construction project.

*Livonia Bldg. Materials Co. v. Harrison Constr. Co.*, 276 Mich.App. 514, 519 (2007).

Corporate officers may be held personally liable under the MBTFA if they "personally cause their corporation to act unlawfully." *Id.* A corporate officer "is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation." *Id.* (quoting *People v. Brown*, 239 Mich.App. 735, 739-40 (2000)).

In *Trustees of the Mich. Reg'l Council of Carpenters Employee Benefits Fund v. Accura Concrete Walls, Inc.*, 408 F.Supp.2d 370, 373 (E.D. Mich. 2005) the court held that a corporate officer was personally liable where it was "clear that [he] collected monies for covered work and failed to make fringe benefit payments for the covered work." *Id.*

The Court concludes that there is a genuine issue of material fact regarding whether Apostoleris exercised authority over Meyer Electric's assets. Plaintiffs have presented evidence which, if believed by a jury, could establish that Meyer Electric had income for "services rendered" (Meyer Dep. at 34:2-5), and that Apostoleris directed Meyer to pay certain bills. (*Id.*

at 35:5-25). Consequently, the Court will deny Apostoleris' Motion for Summary Judgment on Plaintiffs' MBTFA claim.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Apostoleris' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager