UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS LOCAL 252
PENSION FUND, *et al.*,

    Plaintiffs,

Case No. 09-11492

Hon. Sean F. Cox

v.

RONALD A. MEYER ELECTRIC, INC., *et al.*,

    Defendants.

_____/

**OPINION & ORDER
GRANTING PLAINTIFFS' MOTION TO AMEND DEFAULT JUDGMENT**

Plaintiffs, a collection of employee-benefit plans affiliated with the International Brotherhood of Electrical Workers Local Union No. 252 ("Plaintiffs"), filed this action against Defendants Ronald A. Meyer Electric, Inc. ("Meyer Electric"), Ted Apostoleris ("Apostoleris"), and Ronald Meyer. Plaintiffs allege that Meyer Electric, Ronald Meyer, and Apostoleris breached their fiduciary duties under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*) ("ERISA") and violated the Michigan Builders' Trust Fund Act (MICH. COMP. LAWS § 570.151 *et seq.*) ("MBTFA").

On October 8, 2009, this Court granted Plaintiffs' motion for a default judgment against Meyer Electric. The case is currently before the Court on Plaintiffs Motion to amend the default judgment as to Meyer Electric. Plaintiffs seek to increase the judgment to include attorney fees that have accrued since July 15, 2009.

1

The Court held a hearing on August 26, 2010, however, Meyer Electric did not appear. At the hearing, the Court requested that the Plaintiffs provide an affidavit showing the number of hours that their attorneys have spent on this matter and the hourly rates of those attorneys. Plaintiffs filed their affidavit on August 27, 2010. For the following reasons, the Court shall grant Plaintiffs' motion.

BACKGROUND

Plaintiffs filed this action on April 21, 2009, and filed their First Amended Complaint on December 30, 2009 (Doc. No. 37), asserting the following four counts: "Breach of Collective Bargaining Agreement" against Meyer Electric (Count I); "Violation of ERISA" against Meyer Electric (Count II); "Breach of Fiduciary Duty under ERISA" against Apostoleris and Ronald Meyer (Count III); and "Violation of Builders Trust Fund" against Meyer Electric, Apostoleris, and Ronald Meyer (Count IV). Meyer Electric failed to file a responsive pleading.

On September 15, 2009, Plaintiffs requested and obtained a Clerk's Entry of Default as to Meyer Electric (Doc. No. 8 & 10).

Plaintiffs filed a Motion for Default Judgment as to Meyer Electric (Doc. No. 11) on September 20, 2009. The Court held a hearing on October 8, 2009, at which Meyer Electric failed to appear. That same day, the Court granted a default judgment as to Meyer Electric (Doc. No. 16).

On March 15, 2010, counsel for Ronald Meyer filed a suggestion of his death (Doc. No. 49). On May 26, 2010, this Court signed a consent judgment between Plaintiffs and Ronald Meyer's estate (Doc. No. 55).

On June 28, 2010, Plaintiffs and Apostoleris attended a settlement conference where they

2

agreed to a settlement before a magistrate judge. (Minute Entry 06/28/2010). Part of the agreement provided that Plaintiffs would file a stipulated motion of dismissal if the Court granted their request to amend the default judgment against Meyer Electric.

That same day, Plaintiffs filed this motion (Doc. No. 57) seeking to amend the default judgment against Meyer Electric only. On June 30, 2010, Plaintiffs filed a certificate of service showing that they sent a copy of the motion to Meyer Electric by regular U.S. mail.

## ANALYSIS

Plaintiffs seek to amend the default judgment to include attorney fees and costs that have accrued since July 15, 2009, the date that Plaintiffs filed their request for a clerk's entry of default.

The original default judgment provides that Plaintiffs may submit an "Affidavit of Damages to the Court reflecting the amount of . . . attorney fees that are owed by Meyer Electric to Plaintiffs, together with an Amended Judgment reflecting those amounts, plus interest and costs, which Amended Judgment shall be entered by the Court . . . ." (Default Judgment against Meyer Electric at ¶ 5). Meyer Electric has not filed any objection to Plaintiffs' affidavit or amended judgment.

Under ERISA, Plaintiffs are entitled to *reasonable* attorney fees.

ERISA provides:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
> ***
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant. . .

29 U.S.C. 1132(g)(2). The Sixth Circuit has held that under ERISA, reasonable attorney fees are mandatory where there is a judgment in favor of a fiduciary who is enforcing the payment of plan contributions pursuant to a collective bargaining agreement. *See Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995); *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388 (6th Cir. 1991).

In determining whether fees and costs are reasonable, a district court should use the "lodestar" approach. *See Grandview Raceway*, 46 F.3d at 1401. "In applying the lodestar approach, the most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. There is a strong presumption that this lodestar figure represents a reasonable fee." *Id.* (internal citations omitted).

In support of Plaintiffs' motion to amend the default judgment, Plaintiffs submitted an affidavit by Joy Glovick, stating that between July 16, 2009 and June 28, 2010, Plaintiffs have incurred $15,891.00 in attorney fees and $568.88 in costs. (Pls.' Ex. A at ¶ 5). Because the affidavit did not state the hourly rate or the number of hours that this fee represents, the Court requested a supplemental affidavit which would include that information. Plaintiffs filed their supplemental affidavit on August 27, 2010 (Doc. No. 60).

The affidavit itemizes the $15,891.00 in attorney fees as follows:

> 72.6 hours by Joy M. Glovick at $210.00 per hour
> 1.4 hours by Richard P. Peterson II at $240.00 per hour
> 0.35 hours by Thomas D. Luczak at $300.00 per hour
> 1.7 hours by Core O. Tidman at $120.00 per hour.

(Pls.' Supp. Aff. at ¶ 9).

The Court finds that these fees and hours are reasonably. Accordingly, the Court shall

4

GRANT Plaintiffs' motion to amend the default judgment.

## CONCLUSION & ORDER

For the reasons above, the Court GRANTS Plaintiffs' motion to amend the default judgment.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager